Yang v. Lynch

BIA
Christensen, IJ
A087 625 989

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of January, two thousand sixteen.

PRESENT:
        ROSEMARY S. POOLER,
        BARRINGTON D. PARKER,
        DEBRA ANN LIVINGSTON,
            *Circuit Judges.*

_____

XIANG JIN YANG,
        *Petitioner,*

        v.                                    13-2503
                                              NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,[1]
        *Respondent.*

_____

FOR PETITIONER:        Gerald Karikari, New York, NY.

--------

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr.

**FOR RESPONDENT:**     Stuart F. Delery, Assistant Attorney General; Terri J. Scadron, Assistant Director; Shahrzad Baghai, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Xiang Jin Yang, a native and citizen of China, seeks review of a May 30, 2013, decision of the BIA affirming an Immigration Judge's ("IJ") October 27, 2011, denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiang Jin Yang*, No. A087 625 989 (B.I.A. May 30, 2013), *aff'g* No. A087 625 989 (Immig. Ct. N.Y. City Oct. 27, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA's decision, *i.e.*, minus the IJ's adverse credibility finding that was not affirmed by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B);

*see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

On appeal, Yang does not raise a claim of past persecution, nor does he argue that he is entitled to relief based upon a family planning policy violation. Accordingly, we address only his alleged fear of future persecution as a Christian.

Absent past persecution, an alien may establish asylum eligibility by demonstrating a well-founded fear of future persecution, *i.e.*, "that he subjectively fears persecution and . . . that his fear is objectively reasonable." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004); *see also* 8 C.F.R. § 1208.13(b)(2). To constitute persecution, harm must be sufficiently severe, rising above "mere harassment," and the difference between persecution and harassment must be determined "on a case-by-case basis." *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006); *see also Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir. 2006). The crux of Yang's claim is that two members of his unregistered church in China were beaten by police in 2007, and he fled China in 2009 to avoid a similar fate.

Yang argues that his fear is objectively reasonable because country reports indicate that there is religious persecution in China. The IJ concluded, however, that Yang's testimony regarding the beatings was not corroborated by other record evidence, including Yang's own written statement in support of his asylum application. Additionally, as the agency found, neither Yang's testimony nor his mother's letter indicated that police had made any threats of harm against Yang. The IJ considered the country reports, moreover, and correctly stated that they reflect, among other things, an estimate by the Pew Research Center "that 50 million to 70 million Christians practice in unregistered religious gatherings and house churches" in China. A.R. 86.

Substantial evidence thus supports the IJ's determination that, while "there exists some amount of persecution for those who attend unaffiliated or underground house churches," neither the reports nor the record as a whole demonstrates that Yang himself has an objectively reasonable fear of persecution. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 149-50, 159-60, 163-65 (2d Cir. 2008) (upholding BIA's analysis that where enforcement of a policy

4

varies by region, it is the applicant's burden to show a well-founded fear of persecution in his locality in China).

And without firm support in the record, Yang's conclusory statements that he fears future persecution are insufficient to establish a well-founded fear of future harm. *See Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (holding that, absent "solid support in the record," future fear of harm is "speculative at best").

Because Yang has not met his burden for asylum, he "necessarily fails" to meet his burden for withholding of removal and CAT relief. *See Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5